UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT HOPKINS,<br><br>      Plaintiff,<br><br>-against-<br><br>COMPTROLLER; ATTORNEY GAMIEL A. RAMSON; JOHN DOE (JUDGE),<br><br>      Defendants. | 1:22-CV-4505 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Robert Hopkins, who is currently held in the Anna M. Kross Center on Rikers Island, filed this *pro se* action seeking damages and injunctive relief.[1] Plaintiff sues: (1) the New York City Comptroller ("Comptroller"); (2) Plaintiff's own attorney, Gamiel A. Ramson; and (3) an unidentified judge. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, as well as civil claims under state law. Plaintiff's complaint also appears to assert claims under criminal law.

  By order dated June 28, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Plaintiff filed his complaint while held in the North Infirmary Command on Rikers Island.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The attachments to Plaintiff's complaint support the following allegations: In 2019, Defendant Ramson, representing Plaintiff, filed with the Office of the Comptroller a notice of claim against the City of New York asserting claims of injuries Plaintiff allegedly sustained in 2018, while he was held in the Anna M. Kross Center ("AMKC"). Plaintiff settled that matter with the City of New York; on or about February 20, 2020, in exchange for $37,500, he signed a general release document issued by the Office of the Comptroller.[3]

Plaintiff now alleges the following: The settlement was fraudulent, and the settlement agreement is a contract of adhesion. "Since [his] receipt of [the] settlement[,] [Plaintiff has] experienced a number of exacerbated physical injuries and worse[,] the exacerbated mental injuries. But [he is] only receiving mental health therapy for said mental injuries. Said fraud conspiracy is the direct cause." (ECF 2, at 5.)

Plaintiff is "suing the lawyer, comptroller, and the judge who ruled [on] the case in conspiracy. . . ." (*Id.* at 7.) He asserts that he was subjected to torture because of his mental illness. Plaintiff believes that his claims of injuries against the City of New York, for which, in exchange for $37,500, he settled, were actually worth $2,000,000; he now seeks $3,000,000 in damages.

---

[3] In the general release, Plaintiff waived his claims as to the liability of the City of New York, and as to the liability of any of its current or former officers or employees, "for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of" that release. (ECF 2, at 8.)

In addition to damages, Plaintiff seeks injunctive relief that would cause the City of New York to "(1) take care of mental health inmates better, (2) provide better social services to curb the reci[d]ivism rate, (3) [allow the New York City Department of Correction to be monitored, and] (4) "create an oversight so as to stop court procedural fraud regarding complainant[s'] trial rights." (*Id.* at 5.) He also appears to assert claims under criminal law.

## DISCUSSION

### A.     Private prosecution

Plaintiff's claims in which he seeks the criminal prosecution of certain defendants must be dismissed. Plaintiff cannot initiate the prosecution of an individual or other entity in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Plaintiff cannot direct prosecutors to initiate a criminal proceeding against any defendant because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of any of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

### B.     Defendant Ramson

The Court must dismiss Plaintiff's claims against Defendant Ramson brought under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that a defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C.

4

§ 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor.") (internal quotation marks and citation omitted, italics in original). Private entities are therefore not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

In addition, absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a party by private counsel does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983. *See Grant v. Hubert*, No. 09-CV-1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) ("It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law."); *Jaffer v. Patterson*, No. 93-CV-3452, 1994 WL 471459, at *2 (S.D.N.Y. Sept. 1, 1994) ("Private law firms and attorneys . . . are not state actors for section 1983 purposes."), *appeal dismissed*, 43 F.3d 1457 (2d Cir. 1994) (table decision).

Plaintiff has asserted no facts showing that Defendant Ramson, Plaintiff's own private attorney, who represented Plaintiff with regard to filing a notice of claim against the City of New York, acted as a state actor when he allegedly injured Plaintiff. The Court therefore dismisses Plaintiff's claims under Section 1983 against Defendant Ramson for failure to state a claim on which relief may be granted.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.   The Comptroller and "John Doe (Judge)"

The Court must also dismiss Plaintiff's claims under Section 1983 against the Comptroller and "John Doe (Judge)."[5] To state a claim under Section 1983, a plaintiff must allege facts showing an individual state-actor defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

---

[4] To the extent that Plaintiff asserts claims under Section 1983 that Defendant Ramson conspired with state actors to violate Plaintiff's constitutional rights, the Court must dismiss those claims. To state such a claim under Section 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g., Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). Plaintiff's allegations about a conspiracy are vague and without detail; he is merely expressing his dissatisfaction with the settlement. The Court therefore dismisses Plaintiff's claims of conspiracy under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] The Court understands "John Doe (Judge)" to be a state-court judge.

Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff has alleged no facts showing that the Comptroller or "John Doe (Judge)" was personally and directly involved in any of the injuries that Plaintiff alleges. The Court therefore dismisses Plaintiff's claims under Section 1983 against these defendants for failure to state a claim on which relief may be granted.[6] *See* § 1915(e)(2)(B)(ii).

**D.    City of New York**

To the extent that Plaintiff attempts to assert claims under Section 1983 against the City of New York, arising from events that are not mentioned in the general release that Plaintiff signed on or about February 20, 2020, the Court must dismiss those claims. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself

---

[6] While Plaintiff seems to assert that "John Doe (Judge)" presided over a state-court civil action arising from Plaintiff's claims against the City of New York regarding the 2018 incident in the AMKC, according to the general release that Plaintiff has attached to his complaint, no such civil action was ever commenced. Rather, it appears that Plaintiff, via Defendant Ransom, filed a notice of claim against the City of New York with the Office of the Comptroller, and that the City settled the matter with Plaintiff without Plaintiff bringing suit. (*See* ECF 2, at 8-9.) Furthermore, even if a judge did preside over such a civil action, Plaintiff's claims under Section 1983 against that judge, arising from the judge's rulings or decisions in that action, would be precluded by the doctrine of judicial immunity and would be frivolous. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff alleges no facts showing that, with regard to events not mentioned in the general release, a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the City of New York that arise from events not mentioned in the general release; the Court dismisses those claims without prejudice to Plaintiff's asserting such claims again in a future civil action.[7]

**E.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its

---

[7] To the extent that Plaintiff asserts any such claims against the City of New York on behalf of others, including other Rikers Island prisoners, the Court dismisses those claims without prejudice because Plaintiff cannot assert such claims *pro se* as a nonlawyer. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause") (internal quotation marks and citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

8

early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law for which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting, including any claims under state law asking this Court to determine whether the general release is a contract of adhesion. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))); *see also H.C. ex rel. L.C. v. Colton-Pierrepont Cent. Sch. Dist.*, 341 F. App'x 687, 690 (2d Cir. 2009) (summary order) ("Contract enforcement is generally a question of state law."); *Albany Savings Bank, FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997) ("Under New York law, general releases are governed by principles of contract law. . . .").[8]

### F.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[8] The Court understands Plaintiff's complaint as asserting claims under Section 1983 against the City of New York, arising from events not mentioned in the general release. Thus, the Court need not determine whether Plaintiff has waived liability as to any claims arising from events mentioned in the general release. Because Plaintiff requests that this Court deem the general release a contract of adhesion, however, the Court understands Plaintiff's complaint to include such a request as a claim raised in this action under state contract law, which the Court declines to consider under its supplemental jurisdiction.

## CONCLUSION

The Court dismisses this action for the reasons forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Judgment shall issue.

SO ORDERED.

Dated:   July 26, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge